THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FURINO, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crime of murder in the second degree, unanimously affirmed, pursuant to the provisions of section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY HEALY, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of the crime of publishing an untrue and misleading advertisement, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER STEIGER, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of publishing an untrue and misleading advertisement, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN JUMAN, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 986 of the Penal Law (bookmaking), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. MONTHLY INCOME SHARES, INC., and Others, Defendants, and EUGENE L. GAREY, Intervenor, Appellant; LILLIE M. COLMAN, Intervenor, Respondent; JOHN J. MCMAHON, JR., Receiver, Respondent.— Order granting motion of respondent Lillie M. Colman for leave to intervene in this action, instituted pursuant to article 23-A of the General Business Law, for the purpose of establishing her claim as a defrauded purchaser of stock, modified on the law and the facts by striking therefrom so much of the fifth and last ordering paragraph as reads: " and it is hereby determined that said Eugene L. Garey, intervenor, has no right to object to the claim asserted by said Lillie M. Colman in connection with her purchase of the stock of the defendant Monthly Income Shares, Inc." As so modified, the order is affirmed, without costs. The order cannot so be modified as to direct allowance of the claim of the intervenor, respondent, whose notice of motion was simply for an order permitting her to intervene. From the order granting such relief there has been no appeal taken by the intervenor, respondent. As holder of shares of stock of the affected defendant corporation it may be that the appellant is entitled to share in any surplus remaining after the payment of the claims of the defrauded purchasers and thus has an ostensible interest in the determination on the merits of the claim of the intervenor, respondent. He should be permitted an opportunity to oppose the allowance of such claim. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.